UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER D. SCOTT,

    Plaintiff,

v.

STEPHEN M. WAGSTAFFE, et al.,

    Defendants.

Case No. 25-cv-04217-RS (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff alleges district attorneys have violated his constitutional rights in various ways. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). District attorneys are immune from suit under section 1983. Accordingly, this federal civil rights action is DISMISSED.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

*Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges District Attorney Steven M. Wagstaffe and Deputy District Attorney Ivan J. Nightengale have violated his rights during their prosecution of him.  (Compl., Dkt. No. 1 at 2-3.)  District attorneys are immune from suit under these circumstances.  A state prosecuting attorney enjoys absolute immunity from damages liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Accordingly, this federal civil rights action is DISMISSED.

## CONCLUSION

This federal civil rights action is DISMISSED.  Plaintiff's motion to proceed in forma pauperis (IFP) is DENIED because he has not submitted a prison trust account statement showing transactions for the last six months.  (Dkt. No. 3.)  If he submits the proper document, the Court will reconsider his IFP motion.  The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 24, 2025

_____
RICHARD SEEBORG
Chief United States District Judge